# THE STATE ex rel. PORTER JONES v. JOHN L. YOUNG, Appellant.

### Division One, March 3, 1914.

1. **DRAINAGE DISTRICT: Change in Boundaries: Notice.** When a landowner in the drainage district voluntarily enters his appearance or has been personally served, he is thereafter in court for all purposes of the case until there has been a final disposition of the case. For instance, if he signed the original petition for the organization of a drainage district, or if after it was formed certain other persons filed a supplemental petition asking that the boundaries be extended so to include their and certain other lands, and due notice was given by personal service and publication to him and others to appear and contest the report of the commissioners, he cannot be heard to contend that he was without notice of amendments directed by the county court to be made in the commissioners' report, changing the boundaries of the district so as to include said lands.

2. ————: **Reimbursement of Benefits: Notice.** Likewise, if the landowner entered his appearance by signing the original petition for the organization of the drainage district, and thereafter, when a supplemental petition was filed by others asking that the boundaries of the district be extended, he was notified by personal service and publication to appear and contest the proceeding, and at the hearing the court directed the commissioners to alter their report so as to include certain lands and to readjust their assessments of benefits, so as to give credit to each tract of land which had contributed to the cost of the old levees for its proportional part of the cost of their reconstruction and extension, he had notice of the change in the benefit assessments.

3. ————: **Collateral Attack: Validity of Assessments.** The landowner cannot attack the validity of the organization of a drainage district collaterally; and if his challenge of the validity of the assessment of benefits made by the commissioners, in pursuance to orders made by the county court, is made for the first time in the circuit court or the appellate court in a suit on the tax bills, his challenge cannot be sustained.

Appeal from Lincoln Circuit Court.—*Hon. James D. Barnett,* Judge.

AFFIRMED.

*Charles Martin* and *Frank Howell* for appellants.

(1) The county court in ordering the commissioners to amend their report and then confirming the same without notice to these defendants acted without authority. The defendants' default or failure to object to the report of August 9, 1904, gave the court no power without further notice to them to so change the plan of work as to deprive them of rights as given in that report. A judgment by default which grants relief other and different from that given in the first report is void. Johnson-Brinkman Co. v. Bank, 116 Mo. 567; Clements v. Yates, 69 Mo. 623; Sache v. Wallace, 101 Minn. 169; Cassedy v. Boyland, 3 N. Y. S. 258; Mudge v. Steinhart, 78 Cal. 34; Sanders v. Logue, 88 Tenn. 355; Railroad v. Van Reper, 19 Kan. 317; Railroad v. McReynolds, 24 Kan. 368. (2) Defendants were entitled to notice of the amended report and to be given an opportunity to file their objections. Romeyn v. Sickles, 108 N. Y. 650; Railroad v. Van Reper, 19 Kan. 317; Flanders v. Cobb, 51 Am. St. 434, note; Rollins v. Reed, 87 Tex. 69; Rouse v. Donovan, 104 Mich. 234; Stuart v. Palmer, 74 N. Y. 183; Bardwell v. Collins, 20 Am. St. 554, note. (3) The amended report of November 18, 1904, was different in kind from the report of August 9, 1904, in that it deprived defendants of rights given in the report of August 9, 1904. It imposed upon them obligations not imposed upon other land owners and gave to other land owners exemptions from taxation without judicial determination of such exemption according to the process and proceedings of the law as administered through the courts of justice. Booger v. Frazier, 99 Mo. 325; Rush v. Brown, 101 Mo. 586; Hunt v. Searcy, 167 Mo. 170; Schovill v. Graser, 79 Mo. 449; Hope v. Blair, 105 Mo. 85; Charles v. White, 214 Mo. 188; Wright v. Delafield, 25 N. Y. 260; Falls v. Wright, 29 Am. St. 78, 79, note; Camp v. Bank, 103 Am. St. 173; Waldron

v. Harvey, 54 W. Va. 608; Reynolds v. Stockton, 43
N. Y. Eq. 211; Russell v. Shurtleff, 28 Cal. 414; Foley
v. Foley, 120 Cal. 33; Metcalf v. Hart, 3 Wyo. 513;
Black, Judgments, sec. 242.

*O. H. Avery* and *William A. Dudley* for respond-
ents.

(1) It was the duty of the court, if so advised, to
order the commissioners to modify their report and
it was likewise the duty of the comissioners to obey
the order and modify the report. Everybody, includ-
ing the defendants, had notice to appear on the day
set for the hearing and they had no right to stay away
assuming that the court would not exercise its stat-
utory power to modify the report. The levy of the
taxes sued for in these cases was regular and legal
in every respect. Laws 1893, secs. 13, 14; R. S. 1909,
secs. 5559, 5960. (2) The parties having been duly
brought into court, they are bound by the proceedings
had, unless they protect themselves by appeal, as pro-
vided by the statute. State ex rel. v. Wilson, 216 Mo.
215. (3) But aside from all this, the defense is a
collateral attack upon the validity of the incorporation
of plaintiff. This is not admissible. State ex rel. v.
Blair, 245 Mo. 680; State ex rel. v. Wilson, 216 Mo.
274; Black v. Erly, 208 Mo. 281. (4) As to Galloway
and Young there could be no possible contention as
to notice; they were petitioning and at no stage of the
proceedings were they entitled to notice. State ex rel.
v. Wilson, 216 Mo. 274, 282. Every question now raised
by appellants was before the county court at its hear-
ing on the exceptions to the report of the commission-
ers. Appellants were summoned in the statutory way to
appear and oppose the modification of the report by
striking out the drainage feature and making allow-
ances to those who paid for the old levee. They were in
court for that purpose, two at least of the appellants
appearing as petitioners. They did not appear and

file their objections or oppose the exceptions of others, but acquiesced therein. The statute required no notice of the mere filing of the report as modified in obedience to the order. Nor was such notice necessary. The court in directing the modification, fixed the time when it would be filed and adjourned the hearing to that day. Appellants were bound to take notice of both the order and the adjournment and have no grounds for complaint whatever.

WOODSON, P. J.—This suit was instituted by the collector of revenues of Lincoln county, in the circuit court thereof, to collect certain special tax bills assessed against the lands of the defendant, for benefits received, located in Kings Lake Drainage and Levee District, duly organized by the county court of that county, under and in pursuance to article 5 of chapter 122, Revised Statutes 1899.

The answer is quite lengthy and sets up the facts which will be presently stated as a defense thereto.

A trial was had, which resulted in a judgment for the plaintiff for the full amount sued for, and defendant duly appealed the cause to this court.

The facts are as follows:

The petition for the incorporation of the district embraced a large body of land lying along the Mississippi river in Lincoln and Pike counties, which included the lands of this defendant, who signed the petition praying for the incorporation of the district. He also had personal service and was notified by publication, as provided for by statute in such cases.

A number of persons (not including the defendant) owning lands embraced within the boundaries of the proposed district, after being duly notified, appeared and filed objections to the proposed boundaries, which were by the court taken up, considered and sustained; and thereby excluded their land from the proposed district.

Thereafter in obedience to the mandate of the statutes, the court appointed commissioners to view the lands remaining in the proposed district and to report to the court, as provided by statute. To this report certain other owners of land in the district (not including defendant) filed exceptions, which were by the court overruled; and an order was made and entered of record confirming the report of the commissioners and establishing the said territory as a levee and drainage district, under the name previously mentioned.

Among the exceptions filed to said report of the commissioners were those of W. D. Jamison, who, after the overruling of the same by the county court, appealed the cause to the circuit court, which on change of venue was sent to the circuit court of the city of of St. Louis. The latter court sustained said exceptions and the district appealed the cause to this court, which affirmed the judgment of the circuit court of the city of St. Louis. [176 Mo. 557.]

Thereafter, on September 29, 1903, certain other parties who had acquired some of the lands belonging to former owners filed with the county court a supplemental petition asking to be made parties to the original proceedings and that the boundaries be extended so as to include all their lands and those of some other parties.

Upon filing this supplemental petition the county court made an order fixing the time for hearing the same on November 13, 1903, and on that date the court, after making certain findings, appointed other commissioners to view the lands, etc., as the former commission had been directed, who made and filed their report on August 9, 1904. On the latter date the court made an order setting September 27, 1904, for persons interested to appear and contest the report, and due notice thereof was given by publication and personal service as required by statute. In other

words, the same proceedings were had after the filing of the supplemental petition that were had in the original proceedings before the case was appealed to the circuit court, and to this.

Among other things, the latter report contained recommendations for rebuilding and strengthening the levee which had been constructed by the first commissioners under the original proceedings, commenced in 1894, and prior to the date the judgment incorporating the district was reversed by this court; also the changing of the channel of Byrant's Creek making a ditch with cross levees, drains and ditches to carry off the surface water and the running waters from the adjacent hills. In this report the commissioners estimated the cost of rebuilding the old levee and extending the same as previously stated, at $36.831.37, and for changing the Bryant's Creek channel and digging the new ditch therefor at $45,882.98, and assessed benefits to each tract of land embraced in the new limits of the district its proportional part of said costs therefor.

This report also contained a recommendation of the commissioners that R. E. Black should be allowed a rebate or credit of $600 upon his assessment on account of the levee theretofore built by him along the east and south lines of his tract of land in survey 1706, which was to be taken and used in the construction of the new levees and ditches, and which the commissioners estimated was worth said $600.

In response to said order of service and notice the court fixing September 27, 1904, the day for hearing exceptions to said report of the commissioners, various interested persons appeared and filed objections thereto, as authorized by the statute (but the defendant was not one of them), and thereupon the cause was continued to October 27, 1904, when said objections were by the court heard, and some of them were sustained and others were overruled. The court

then ordered the commissioners to amend their report so as to conform to the findings and judgment of the court then and there rendered on said objections.

Among other things the court ordered the commissioners to amend or modify their last report so as to conform to the said judgment of the court, in the following particulars:

"That said commissioners make inquiry and determine the amount to be credited each tract of land entitled to credit on account of the levee heretofore built by the former commissioners of this district and state the same in their report and also state the net amount of benefits charged and assessed against each tract after deducting the damages awarded and its proper proportion of the value of said old levee as fixed at $16,019.20, each tract which contributed to said work to be credited with such proportion of said sum of $16,019.20, as the amount contributed to the doing of said work by said tract bears to the aggregate amount paid by the owners of all tracts contributing to said work."

If I correctly understand the record this report also rejected the $600 credit theretofore allowed Mr. Black, but be that as it may, it has no particular bearing upon the live issues involved in this appeal.

The court also ordered the commissioners to submit their modified report to the court on November 18, 1904, and the cause was continued to that date.

Upon that date the commissioners filed their amended or modified report as ordered, setting out everything required by the statutes from the inception of the proceedings down to the date of its filing. In other words, this report of the commissioners was in all things the same as an original report in an original proceeding, save and except the new commissioners undertook to and did deal with the conditions of things in the district as they found them to exist after the old proceedings had in the cause had by this

court been declared null and void. And in dealing with that condition the commissioners assessed the benefits and damages against each tract of land embraced in the district as provided for by the statute, and in obedience to the order of the county court before mentioned, gave to each tract which contributed to the old work a credit for its proportional part of the $16,019.20, the value placed upon the old levee appropriated by the district in working out the new scheme.

After the commissioners filed this modified report the court continued the cause to November 29, 1904. On that date the modified report was duly approved and the assessments of benefits and damages levied therein, as well as the credits ordered, were made and duly approved and confirmed, and the district was incorporated as provided for by statute.

Some of the landowners again appealed the cause to the circuit court and a trial was had, which resulted in a decree thereof confirming the orders and judgments of the county court in all things.

The appellant did not appear or take any part whatever in the proceedings after the judgment of the circuit court was by this court reversed and the cause remanded for further proceedings.

. I. Counsel for appellant insist that the judgment of the circuit court is erroneous and should be reversed because the order of the county court, made **Notice.** November 18, 1904, directing the commissioners of the district to amend their report theretofore filed on August 9, 1904, so as to conform to said order of the court, changing the boundaries of the district so as to exclude certain lands to which objections had been filed and sustained, was absolutely void, because he had no notice of the proposed amendment.

There is no merit in this insistence.

The record shows that the appellant was one of the petitioners for the formation of the original district; and not only that, he was personally served and duly notified by publication.

Moreover, after the cause had been remanded by this court to the county court for further procedure, certain other landowners filed a supplemental petition in the cause, praying the court to extend the boundaries of the district so as to include their lands, and those of certain other persons named. Upon the filing of this supplemental petition the appellant was again served with personal service and was duly notified by publication. So it conclusively appears from this record that he voluntarily entered his appearance in the cause by signing the original petition and was thereafter duly served four times; which he does not deny. But his contention is, that he had no notice that the court had ordered the commissioners to make the amendment before mentioned, changing the boundaries of the district, which is true; but there is no question but what the court had the legal authority under the statutes to make said order, and the appellant having been in court all the time cannot be now heard to say he knew nothing of the order nor of the change of the boundaries of the district, made in pursuance thereof.

This question was presented to this court in the case of State ex rel. v. Wilson, 216 Mo. 215, l. c. 274, and was there decided against the contention of counsel here.

But independent of that case and the authorities therein cited, the rule is universal, so far as I know, that when a person enters his appearance in a cause or when he has been personally served, he is in the court for all the purposes of that case from that time until the final disposition of the same. Of course there are minor exceptions to that rule, for instance, where the party has been finally discharged from the court

by any order or decree, unexcepted to in time, and un-
appealed from, etc.

II. It is next contended by counsel for appellant
that the judgment of the circuit court was erroneous
and should be reversed because the benefits and dam-
ages assessed by the commissioners against the va-
rious tracts of land embraced in the
**Benefits: Change** district were different, as reported by
**in Assessments:** the commissioners on November 18,
**Just.**
**Apportionment.** 1904, from what they were as reported
by them on August 9, 1904; also that
they were not equally, justly or equitably apportioned
against the various tracts of land, and that the credits
allowed in favor of the same, on account of the value
of the old work, were not equally and properly ap-
portioned, all to the detriment óf appellant.

This contention is based upon the same ground
that the validity of the order changing the boundaries
of the district was challenged, which was disposed óf
in paragraph one of this opinion, namely, that the ap-
pellant had no notice of said intended change of the
assessments and credits, as previously made, etc. Both
of these changes were made at the same time and re-
ported to the court in the same report and passed upon
and confirmed at the same time; and if the conclusions
reached in paragraph one, regarding the change of
the boundaries of the district, are correct, then it nec-
essarily follows that the changes made in the assess-
ments and credits must also be held to be correct, as
there is no contention that the county court did not
have the authority to make the changes, barring the
contention that the appellant should have been notified
of the intended change and afforded an opportunity
to defend against the same.

III. But independent of the rulings made in para-
graphs one and two, the defenses interposed by ap-
pellant in the circuit court and in this court are

unavailing, for the reason that the very basis of his contention challenges not only the validity of the assessments and credits made by the county court, in a collateral attack, but also the organization of the drainage district, which cannot be done. [State ex rel. v. Blair, 245 Mo. 680, par. 1 and cases cited; State ex rel. v. Wilson, 216 Mo. 215, l. c. 274; Black v. Early, 208 Mo. 281.]

From these observations it must follow that the judgment of the circuit court must be affirmed; and it is so ordered. All concur.